UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MANDY WAHL** <br><br> Plaintiff, <br><br> **VERSUS** <br><br> **PRIDE MANAGEMENT, INC.** <br> Defendant | **CIVIL ACTION:** <br><br><br> **MAGISTRATE JUDGE:** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES, Plaintiff, Mandy Wahl (hereafter "Wahl" or "Plaintiff"), through undersigned counsel, who brings this action pursuant to the Fair Labor Standards Act and complains as follows:

### INTRODUCTION

1. Plaintiff brings this action as a retaliation action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* to recover back and front pay and general damages as well as reasonable attorney's fees and costs associated with this litigation.

2. Defendant Pride Management, Inc. (PMI, or Defendant) is in the business of managing hotel properties for national chains.

3. As part of its business PMI implemented and adhered to an unofficial record-keeping and compensation policy and practice that sometimes required housekeeping and other employees to work hours in excess of 40 hours in a workweek but prohibited employees from properly recording all hours worked so that Defendant could avoid paying overtime compensation to its nonexempt employees.

4. Defendant's record-keeping and compensation policies and practices constituted willful failures and refusals to pay proper minimum wage and overtime compensation to

1

nonexempt employees who are or were prohibited from accurately recording their work hours and were not compensated properly for all their hours worked.

5. Defendant terminated Plaintiff shortly after she complained multiple times to her immediate supervisor as to the illegal practices aforementioned.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; the action is brought under the Fair Labor Standards Act.

7. This Court has personal jurisdiction over Defendant because it conducts business and employs individuals in the judicial district.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b); business records are kept and all or a substantial part of the events giving rise to the claims occurred within this judicial district, including but not limited to the unlawful employment and compensation practices described herein.

## PARTIES

9. Plaintiff is an adult citizen of the United States and is a resident and citizen of the State of Louisiana.

10. Defendant, PMI, is a foreign corporation with a principle place of business at 1844 IH-10 South, Beaumont, Texas.

## STATEMENT OF FACTS

11. Plaintiff was hired in 2013 as a front desk agent.

12. Plaintiff was promoted to Food and Beverage manager in October of 2017.

13. One of Plaintiff's primary responsibilities as Food and Beverage manager was to schedule, record and report the work hours of the hourly employees whom she supervised.

14. Defendant offered no guidance or instruction as to the FLSA's record keeping requirements to its employees who were responsible for reviewing and approving the recorded work hours submitted by hourly employees.

15. Defendant never instructed or trained it payroll employees how to properly record hours worked by employees or the record keeping requirements of the FLSA.

16. There was a two week pay period. Plaintiff was instructed to change the work hours actually performed with the goal of avoiding paying overtime. The method was to shift hours in excess of 40 to the next week and cut hours in that week so that the combined total was not over 80 hours in a single pay period.

17. Defendant's unofficial record-keeping and compensation policies and practices mandated that supervisors underreport and misreport the actual work hours of PMI employees which they supervised.

18. As part of her work duties, Plaintiff reviewed the work hours entered by other employees to ensure the recorded work hours were accurate and correct and complied with Defendant's record keeping and payroll policies prohibiting overtime hours.

19. Defendant's senior management on site, Melissa Wood (Wood), General Manager, instructed Plaintiff to alter automatically generated time records of employees who actually worked hours in excess of 40 hours in a workweek. Instead, only 40 work hours would be recorded and the balance would be credited to the next week. In many cases the supervisors were directed by PMI to make changes to PMI's automated timekeeping system themselves.

20. Specifically, Wood instructed its managers and supervisors to modify the time sheets for any employees who reported working hours in excess of 40 hours in a workweek so that the time sheets would show only 40 hours worked every workweek.

21. Under direct orders from Defendant's senior management, Defendant's managers and supervisors instructed Plaintiff to modify the time sheets for any employees who reported working hours in excess of 40 hours in a workweek so that the time sheets would show only 40 hours worked every workweek.

22. Plaintiff witnessed other hourly employees arrive at work and begin working before their scheduled shift times, work through her scheduled lunch breaks, and work after their scheduled shift end times.

23. Supervisors and managers of Defendant witnessed Plaintiff and other similarly situated employees arrive at work and begin working before their scheduled shift times, work through her scheduled lunch breaks, and work after their scheduled shift end times.

24. Defendant owns or operates over 20 hotels across the United States, several of which are located are in the State of Louisiana.

25. Upon information and belief, Defendant implements and adheres to the same record-keeping and compensation policies in all of its home health agencies across Louisiana and the United States.

26. Upon information and belief, Defendant's record-keeping and compensation policies were dictated and issued by Defendant's senior management and issued to all of defendant's locations throughout Louisiana and the United States.

27. Defendant's record-keeping policy promoted the falsification of employee time sheets by prohibited employees from reporting any hours worked in excess of 40 hours in a workweek.

## FLSA

28. Upon information and belief, Defendant has gross annual sales equal to or greater than $500,000.

29. Upon information and belief, Defendant engaged in interstate commerce including but not limited to allowing its employees to handle, sell, produce, or otherwise work on goods or materials that came from a state other than Louisiana.

30. Upon information and belief, Defendant's employees use the mail, telephone, or other equipment to communicate across state lines.

31. At all relevant times, Plaintiff was a nonexempt employee of Defendant.

32. Defendant failed to keep accurate payroll records showing the total hours worked each day and week by its employees who were compensated by an hourly wage.

33. Defendant refused to pay employees for any hours worked in excess of 40 hours in a workweek.

34. Defendant knew that Plaintiff supervised PMI employees who were not compensated properly.

35. Defendant failed to act in good faith when it promoted falsification of payroll records and refused to pay employees properly for time worked.

36. Plaintiff complained and protested of the practices described above, calling such practices illegal, to Catherine Damico, Assistant General Manager. These complaints began

in October of 2017 and continued until approximately two weeks prior to Plaintiff's termination in January 2019.

37. Plaintiff was terminated for the stated reason of improper editing of a subordinate's time and misappropriation of company property.

38. The stated reasons cited above were both false and pretextual.

39. Plaintiff was terminated within two weeks of her last complaint of pay violations.

## DEMAND FOR JURY TRIAL

40. Plaintiff demands a jury trial on all causes of action and claims to which they have a right to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all proposed putative collective class members who are similarly situated to Plaintiff, pray that the Court:

a. Enter judgment declaring that Defendant's conduct complained of herein violated the FLSA;

b. Enjoin Defendant, its officers, and agents from engaging in the policies and practices complained of herein;

c. Enter judgment against Defendant and award to Plaintiff back pay, front pay, general damages, legal interest, attorneys' fees, and costs, all in amounts to be determined at trial;

d. Enter judgment awarding to Plaintiff any and all further legal relief as this Court deems necessary, just, and proper.

Respectfully submitted,

LAW OFFICE OF DALE EDWARD WILLIAMS

/s/Dale E. Williams
Dale E. Williams, Bar #18709
Chad A. Danenhower, Bar # 32845
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile: (985) 892-2640
mailto:chad@daleslaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MANDY WAHL** | **CIVIL ACTION:** |
| Plaintiff, | |
| **VERSUS** | **MAGISTRATE JUDGE:** |
| **PRIDE MANAGEMENT, INC.** Defendant | |

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that I have read the foregoing Complaint, and it is true and correct.

Executed in Covington, Louisiana on this 12TH day of May 2020.

_____
MANDY WAHL